UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PFISTERER,                                    Case No. 17-12902

     Plaintiff                              Victoria A. Roberts
v.                                                  United States District Judge

COMMISSIONER OF SOCIAL                              Stephanie Dawkins Davis
SECURITY,                                           United State Magistrate Judge

     Defendant.
_____/

**REPORT AND RECOMMENDATION**
**RULE 41(b) AND MOTION FOR SUMMARY JUDGMENT (Dkt. 15)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On September 1, 2017, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Victoria A. Roberts referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for benefits. (Dkt. 3).

Plaintiff's motion for summary judgment was due on December 27, 2017. (Dkt. 13). On March 2, 2018, when no motion had been filed, the Court issued an Order to Show Cause why plaintiff's complaint should not be dismissed for failure

to comply with the scheduling order requiring the filing of a motion for summary judgment some three months prior.  (Dkt. 14).  In the show cause order, the undersigned warned plaintiff that failure to "**timely or adequately respond in writing to this Order to Show Cause or timely file a motion for summary judgment will result in a recommendation that the entire matter be dismissed under Rule 41(b)**."  (Dkt. 14, p. 2) (emphasis in original).  As of the date of this Report and Recommendation, plaintiff has neither filed his motion for summary judgment, nor filed a response to the Court's March 2018 Order to Show Cause.  Accordingly, the undersigned concludes that plaintiff's has waived all claims for remand or reversal of the Commissioner's decision, except for those that constitute "obvious errors" as discussed in more detail below.

  B. <u>Administrative Proceedings</u>

  Plaintiff filed the instant claims on January 5, 2015, alleging that he became unable to work on September 16, 2011.  (Tr. 12).  The claim was initially disapproved by the Commissioner on May 19, 2015.  *Id*.  Plaintiff requested a hearing and on June 1, 2016, plaintiff appeared before Administrative Law Judge (ALJ) Richard Horowitz, who considered the case *de novo*.  (Tr. 31-79).  In a decision dated June 27, 2016, the ALJ found that plaintiff was not disabled.  (Tr. 9-21).  Plaintiff requested a review of this decision and the ALJ's decision became the final decision of the Commissioner on June 19, 2017, when the Appeals

Council denied plaintiff's request for review.  (Tr. 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation.  The undersigned **RECOMMENDS** that any unbriefed non-obvious claims of error are **WAIVED** and should be **DISMISSED** pursuant to Rule 41(b).  The undersigned also concludes that the Commissioner's decision contains no obvious errors requiring reversal or remand, and thus, the undersigned also **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** and that the Commissioner's motion for summary judgment be **GRANTED**.

## II.   FACTUAL BACKGROUND

Plaintiff was born in 1981 and was 32 years of age, which falls into the young category, on the disability onset date.  (Tr. 19).  Plaintiff had past relevant work as a landscape gardener, cabinet maker, carpenter, and carpenter labor supervisor, which are all classified as "heavy" or "very heavy" work.  *Id*. Plaintiff's date last insured was December 31, 2013.  *Id*. at 14.  At step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity after the alleged onset date.  *Id*.  At step two, the ALJ found that plaintiff had the following severe impairments: right wrist fractured scaphoid post open reduction internal fixation (ORIF) with resulting stage II SLAC (scapholunate advanced collapse) wrist deformity with avascular necrosis of the

proximal pole of the carpal navicular.  *Id*.  The ALJ found that plaintiff had the

following residual functional capacity (RFC):

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual
> functional capacity to perform sedentary work as defined
> in 20 CFR 404.1567(a) and 416.967(a) except: he can use
> right hand controls occasionally; and handle, finger and
> feel with the right hand occasionally; and can never
> climb ladders, ropes or scaffolds. He can occasionally
> crawl. He can never work at unprotected heights, or
> around dangerous moving mechanical parts, can
> occasionally operate a motor vehicle, and can
> occasionally work outdoors in the weather, in extreme
> cold, or where there are vibrations.

*Id*. at 15.  At step three, the ALJ found that plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of any

Listed Impairment.  *Id*. at 15.  At step four, the ALJ found that plaintiff was unable

to perform his past relevant work.  *Id*. at 19.  At step five, the ALJ found that,

based on the vocational expert testimony, given plaintiff's age, experience,

education, and RFC, he could perform a significant number of jobs available in the

national economy; specifically, a surveillance system monitor, a credit clerk, and

an information clerk.  *Id*. at 20.  As such, the ALJ concluded that plaintiff had not

been under a disability from the alleged onset through the date of his decision.  *Id*.

at 20-21.

## III.   DISCUSSION

### A.   Federal Rule of Civil Procedure 41(b)

As explained in *Parker v. Comm'r of Soc. Sec.*, 2017 WL 2859801, at *1 (N.D. Ohio May 9, 2017), report and recommendation adopted, 2017 WL 2840763 (N.D. Ohio July 3, 2017), courts in this circuit are divided as to when or even if dismissing a *pro se* action for judicial review of a decision of the Commissioner of Social Security is an appropriate sanction for failure to prosecute under Rule 41(b), based on the claimant's failure to file a brief as ordered or to respond to an order to show cause.  There is no definitive authority from the Sixth Circuit on this issue as framed by many lower courts in the district and throughout the circuit.

It is clear, however, that under the Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."

*Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173

F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.

1991)).  Further, "a district court can dismiss an action for noncompliance with a

local rule ... if the behavior of the noncomplying party rises to the level of a failure

to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro*, 173

F.3d at 992.  The Sixth Circuit considers four factors in reviewing the decision of a

district court to dismiss a case for failure to prosecute:  (1) whether the party's

failure is due to willfulness, bad faith, or fault; (2) whether the adversary was

prejudiced by the dismissed party's conduct; (3) whether the dismissed party was

warned that failure to cooperate could lead to dismissal; and (4) whether less

drastic sanctions were imposed or considered before dismissal was ordered.  *Wu v.*

*T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel.*

*& Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

As observed in *Parker*, this relatively straight-forward analysis under Rule

41(b) is more complicated in *pro se* cases seeking judicial review of the SSA

Commissioner's decision where the plaintiff has not filed a brief stating any

reasons for reversal of that decision.  *Id*. at *2.  While many courts have approved

the outright dismissal of the claim after a Rule 41(b) analysis, other courts in this

Circuit have concluded that not briefing specific reasons for reversing the decision

of the Commissioner is permitted by the statute, which only mandates that a

6

plaintiff file a complaint. *Id*. (collecting cases). In *Parker* and *McLaurin v. Comm'r of Soc. Sec.,* 2016 WL 7664222 (E.D. Mich. Dec. 1, 2016) (Morris, M.J.), report and recommendation adopted, 2017 WL 67453 (E.D. Mich. Jan. 6, 2017) (Rosen, J.), the courts observed that the cases concluding that that no briefing is necessary provide little guidance regarding the level of review that should be applied to non-briefed claims. *Parker*, at *2-3. *Parker* adopted the rationale in *McLaurin*, which concluded that in such situations, the court's review in non-briefed *pro se* social security cases should limited to "obvious errors," an approached modeled after the limited exception adopted by the Sixth Circuit for considering claims raised for the first time on appeal, which "strictly limits review of non-briefed cases to a determination of whether the administrative decision contains an error that could not have been waived, such as the ALJ's failure to address whether the claimant met the listing for a severe impairment." *Id*. at *3. Thus, the failure to file a brief as ordered, waived all claims but those that fall within the narrow strictures of "obvious error." *Id*. at *4.

Based on the foregoing, the undersigned will conduct a traditional Rule 41(b) analysis for unbriefed, non-obvious errors and will separately conduct the obvious error review below. On balance, the factors set forth in *Wu v. T.W. Wang, Inc*. weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008) (Hood, J.),

"it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*.  Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.  For these reasons, the undersigned concludes that the first and second factors weigh in favor of dismissal.

Moreover, based on the warning given to plaintiff, the third factor also clearly weighs in favor of dismissal.  This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.  *See e.g*., *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012) (Battani, J.). Importantly, despite the court's warning that his action may be dismissed, plaintiff failed to respond to the show cause order.  (Dkt. 14).  The court clearly warned plaintiff that a failure to file his summary judgment brief may result in sanctions, including a dismissal under Rule 41(b).  (Dkt. 14).  Despite the clear warning, plaintiff has provided no good reason why the undersigned should not dismiss all claims for reversal, except for obvious errors.  *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (Hluchaniuk, M.J.) (recommending dismissal for plaintiff's failure to comply with orders of the court),

report and recommendation adopted, 2013 WL 509964 (E.D. Mich. 2013)

(Lawson, J.).

And finally, given plaintiff's failure to respond to the court's order to show

cause, the undersigned sees no utility in considering or imposing lesser sanctions.

Thus, taken together, these factors support dismissal for failure to prosecute. It is

true that "district courts should be especially hesitant to dismiss for procedural

deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*,

2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.

1996)). However, "dismissal is appropriate when a pro se litigant has engaged in a

clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent

abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v.

Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031,

at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D. S.C. 2007)

(dismissing motion to dismiss and to compel arbitration because of plaintiff's

failure to respond despite being advised of the applicable procedures and possible

consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff

has effectively abandoned his claims for non-obvious error by failing to file a

summary judgment brief as ordered and for failing to comply with the show cause

order of the Court.  Under these circumstances, dismissal with prejudice is appropriate as to all unbriefed non-obvious claims for remand or reversal of the Commissioner's decision.

> B.      Obvious Error Review

As set forth above, some judges in this district have concluded that review of a non-briefed benefits claim should be limited to identifying "obvious errors" in the Commissioner's decision.  *McLaurin*, at *4 (citing *Crist v. Comm'r of Soc. Sec.*, 2014 WL 2931412, at *2 (E.D. Mich. June 27, 2014) (Michelson, J.).  The undersigned suggests that this standard should be adopted here.

Such obvious errors includes the failure to obtain an expert medical opinion on whether plaintiff's impairments equal a listed impairment.  *See e.g.*, *Trainor v. Comm'r of Soc. Sec.*, 2014 WL 988993, at *23-24 (E.D. Mich. Mar. 13, 2014) (Berg, J.) (citing *Fowler v. Comm'r v. Comm'r of Soc. Sec.*, 2013 WL 5372883, at *3 n. 5 (E.D. Mich. Sept. 25, 2013) (Berg, J.) (finding no error in magistrate judge *sua sponte* raising the absence of an expert opinion on equivalence)); *Ostrander v. Comm'r of Soc. Sec.*, 2016 WL 2754906, at *3 (E.D. Mich. Apr. 5, 2016) (Michelson, J.); *Brown v. Comm'r of Soc. Sec.*, 2014 WL 222760, at *13 (E.D. Mich. Jan. 21, 2014) (Drain, J.).  Here, there is an opinion on equivalence in the record.  Dr. Dinesh Tanna reviewed plaintiff's medical records and evaluated his conditions under Listing 1.07, yet still concluded that plaintiff was able to perform

10

light work with additional limitations.  (Tr. 85-88).  Thus, the undersigned finds no

obvious regarding the ALJ's obligation to obtain a medical opinion on

equivalence.

Other courts have concluded that "a Plaintiff cannot waive ... by not raising"

an argument relating to the ALJ's failure to determine whether the claimant met a

listing.  *Beden v. Comm'r of Soc. Sec.*, 2015 WL 5965006, at *12 (E.D. Mich.

Sept. 18, 2015) (Morris, M.J.) report and recommendation adopted, 2015 WL

5936324 (E.D. Mich. Oct. 13, 2015) (Goldsmith, J.); *see also Woolley v. Comm'r

of Soc. Sec.*, 2014 WL 6612378, at *5 (E.D. Mich. Nov. 20, 2014 (Tarnow, J.)

(The ALJ's step three Listing analysis was so lacking and inadequate that *sua

sponte* remand was necessary.).  Here, the ALJ found that plaintiff did not meet

Listing 1.07 because he does not have an inability to perform find and gross motor

movements effectively.  (Tr. 15).  The ALJ observed that plaintiff was still able to

perform activities of daily living independently, including caring for personal

hygiene, dressing, some household chores, and driving, along with retaining the

ability to lift light objects.  *Id*.  While the ALJ's Listing analysis could have been

more comprehensive, any error in articulation is harmless.  Listing 1.07 provides as

follows:

> 1.07 Fracture of an upper extremity with nonunion of a
> fracture of the shaft of the humerus, radius, or ulna, under
> continuing surgical management, as defined in 1.00M,
> directed toward restoration of functional use of the

> extremity, and such function was not restored or expected
> to be restored within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.07 (2016).  As the Commissioner points

out, plaintiff fractured his navicular, which is one of the carpal bones in his wrist.

(Dkt. 15, p. 5).  Nothing in the record suggests that plaintiff had a fracture of the

humerus, radius, or ulna.  (Tr. 253-59, 311).  Thus, plaintiff cannot meet this

essential element of Listing 1.07 and there is no "obvious error" requiring reversal

or remand.  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to

show that his impairment matches a listing it must meet all of the specified medical

criteria. An impairment that manifests only some of those criteria, no matter how

severely, does not qualify.").

A Tennessee district court also concluded that the ALJ's failure to weigh the

treating physician's letter and mental assessment was appropriately raised *sua*

*sponte* because the failure to weigh a treating physician's opinion may deprive a

plaintiff of a substantial right, but also because of the repetitious nature of the error

in that particular case.  *Campbell v. Berryhill*, 2017 WL 1024338, at *7 (E.D.

Tenn. Mar. 15, 2017) (Varlan, J.).  In this case, the ALJ expressly weighed the

records of plaintiff's treating physician, Dr. Snider.  (Tr. 17-18).  Dr. Snider's

opinions, although not entirely clear, suggest that plaintiff could perform sedentary

work and thus are not seemingly contrary to the ALJ's decision, in any event.  (Tr.

378, Dr. Snider suggesting that plaintiff cannot perform "major productive

physical work without a fusion."); (Tr. 380, "If he had a 4 corner fusion, that would not allow him to resume work in a factory or similar level of physical labor activity.  It would allow him sedentary work with this right wrists with reduced wrist pain and continued moderate range of motion to the wrist or he could have a wrist fusion and have no motion of the wrist with better strength but this would have a longer-term bleeders effect on his right elbow has a lot of the forces that are normally taken above the wrist would now be rendered to the elbow.  This is to say that there is no easy or straightforward answer.  We will therefore start with Brian's treatment using a wrist splint and see for length of time that provide him a moderately good lifestyle including employment.").  Notably, Dr. Snider also indicated that he was "not a disability physician" and could not "determine what degree disability this would require."  (Tr. 379).  The undersigned finds no obvious error in the ALJ's assessment of the treating physician opinions.

Having reviewed the administrative transcript and the brief provided by the Commissioner, the undersigned also finds no other obvious error requiring reversal or remand.

## IV.    RECOMMENDATION

The undersigned **RECOMMENDS** that any unbriefed non-obvious claims of error are **WAIVED** and should be **DISMISSED** pursuant to Rule 41(b).  The undersigned also concludes that the Commissioner's decision contains no obvious

errors requiring reversal or remand, and thus, the undersigned also

**RECOMMENDS** that the findings of the Commissioner of Social Security be

**AFFIRMED** and that the Commissioner's motion for summary judgment be

**GRANTED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 15, 2018                    s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>August 15, 2018</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have mailed by United States Postal Service to the following non-ECF participant: <u>Brian Pfisterer, 916 Oak St., Adrian, MI 49221.</u>

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov